**Elmer Patrick HEIST, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 97–SC–542–KB.

Supreme Court of Kentucky.

Sept. 4, 1997.

Elmer Patrick Heist, Albany, pro se.

Bruce K. Davis, Jay R. Garrett, Dale Wright, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

Pursuant to SCR 3.480(3), Movant, Elmer Patrick Heist, of Albany, Kentucky, requests entry of an order permitting him to resign under terms of disbarment from his membership in the Kentucky Bar Association and surrender his license to practice law in the Commonwealth. Respondent, the Kentucky Bar Association ("KBA"), has no objection to the motion or its terms. Accordingly, based on the numerous acts of professional misconduct admitted by Movant, we hereby grant the motion.

While the matters involved have been consolidated into one action, this case arose out of no less than six separate disciplinary proceedings brought against Movant. To accurately and clearly set forth Movant's prolonged pattern of misconduct, we briefly detail the facts underlying each proceeding by reference to the original KBA file number of each individual action.

*KBA File 4731:* This case concerned Movant's representation of Bernadyne M. Gagel, by Movant's own admission an "elderly woman in poor physical condition," from 1986 to 1991. Four different transactions are involved. First, in March of 1986, Movant solicited Ms. Gagel's investment in a note and deed of trust held by another of his clients, Brenda McFarland. For the sum of $16,500, McFarland assigned to Gagel her interest in the note, which had a principal

amount of $21,000. Gagel received payments under the contact until April of 1991, when she received a payoff of $11,905.74. Movant then induced Gagel to invest the proceeds in Earth Treasures, Inc., Movant's solely owned corporation. Movant did not furnish Ms. Gagel a written contract concerning any aspect of the agreement.

The next transaction occurred in June of 1987, when Movant, along with his former wife, assigned to Ms. Gagel 102 monthly payments of $233.55 due the Heists on a land contract concerning property in Covington. In exchange, Gagel paid Movant $16,500. The responsible parties later defaulted on the note.

The third transaction began in October of that same year. Movant persuaded Ms. Gagel to execute an authorization giving him access to her safe deposit box, allowing Movant to redeem some $25,000 worth of certificates of deposit and convert the proceeds into a cashier's check made payable to Movant. Shortly thereafter, Movant made a "substantial" purchase of silver bullion, allegedly on behalf on Gagel. However, Movant cannot explain what happened to the silver, nor can he produce a receipt proving delivery of the bars to Gagel.

Finally, in February of 1990, Movant persuaded Ms. Gagel to invest $19,974.00 in a tract of land in Burkesville. He then titled the land in the name of Earth Treasures, Inc., his solely owned corporation, and failed to provide Gagel with any written agreement concerning the transaction.

Bernadyne Gagel died in March of 1994. On February 21, 1996, the Inquiry Tribunal of the KBA issued a five-count charge against Movant arising out of the various transactions with Ms. Gagel. In response to Count I, Movant has admitted violating DR 5–105[1] by representing both Bernadyne Gagel and Brenda McFarland in the March 1986 transfer of the note from McFarland to Gagel. Regarding Count II, Movant admits that, by entering into an agreement with Gagel to invest in his solely owned corpora-

---

1. Because of the extended period of time covered by the various complaints, some allegations arise under the disciplinary rules of the former Code of Professional Responsibility, while the more recent charges stem from violations of our current Rules of Professional Conduct.

tion, he violated SCR 3.130–1.8(a). Movant also acknowledges his guilt of Count III for violating DR 5–104(A) by assigning to his client monthly payments due him and his former wife on a land contract. Movant admits entering his client's safe deposit box, redeeming her certificates of deposit and ostensibly purchasing property in his client's behalf, yet failing to produce the property or satisfactorily explain its whereabouts; thus, Movant also acknowledges his guilt of violating DR 9–102(A) and (B). Finally, Movant admits that, in allowing Ms. Gagel partially to fund a purchase of an interest in land by his corporation, he violated SCR 3.130–1.8(a), as alleged in Count V of the charge.

*KBA File 6050:* On April 21, 1997, the Inquiry Tribunal issued a six-count charge against Movant arising out of a July 1991 money laundering scheme, wherein Movant used various aliases to transfer monies from financial institutions in Kentucky and Tennessee to an Atlanta, Georgia bank. To avoid federal currency transaction reporting requirements, he made each transfer less than $10,000. In February of 1996, pursuant to 18 U.S.C. § 1956(b), the United States Attorney for the Western District of Kentucky brought an action against Movant to recover civil penalties in excess of $90,000. In February of this year, Movant entered into an agreed judgment in the case obligating him to pay $10,000. Movant acknowledges that the use of false names to avoid the relevant reporting requirements violated federal law, and thus constituted a breach of SCR 3.130–8.3(c). By failing to respond to the Inquiry Tribunal's complaint in the case, Movant also admits violating SCR 3.130–8.1(b).

*KBA File 5053:* Retained by Anne Mason to probate the estate of Mason's mother, Movant failed to close the estate. While he prepared a deed conveying property from Ms. Mason's brothers to her, Movant failed to record the deed in the appropriate office for eight months. Movant also neglected to file the required estate tax release with the Kentucky Revenue Cabinet, and did not promptly return Ms. Mason's phone calls requesting information on the estate. Charged with violating SCR 3.130–1.3 and SCR 3.130–

1.4(a) for his mishandling of the action, Movant admits his guilt of both charges.

*KBA File 5130:* Davey Poore retained Movant to investigate certain allegations and, if necessary, file a libel suit against Joyce Ashberry and Bethel Lawless. Movant failed to return Mr. Poore's phone calls, and, in fact, never filed a lawsuit on Poore's behalf. As with KBA File 5053, Movant admits breaching both SCR 3.130–1.3 and SCR 3.130–1.4(a). In addition, he also admits violating SCR 3.130–8.1(b) by failing to respond to the bar complaint issued in the matter.

*KBA File 5221:* As attorney for a corporation owned by F.C. Rading, Movant received the proceeds from the sale of certain oil wells and gas leases owned by Rading. Citing a debt allegedly owed to one of his own corporations, however, Movant never paid to Rading the net proceeds, totalling approximately $1400, of the oil and gas sales. Movant also failed to respond to Rading's phone calls and letters requesting payment of the proceeds, and did not respond to the complaint issued by the KBA. Charged with violating SCR 3.130–1.15(b), SCR 3.130–8.3(c), SCR 3.130–1.4(a) and SCR 3.130–8.1(b), Movant admits each of the four allegations.

*KBA File 5477:* In January of 1996, Dennis Bunch retained Movant to represent him in a lawsuit against an ambulance company. Although suspended from the practice of law on January 22, 1996, Movant failed to notify Mr. Bunch of the suspension. He also neglected to return documents concerning the case provided to him by Bunch. Eventually, Bunch filed an action in Clinton District Court to recover the fee paid to Movant. Charged with violating SCR 3.130–1.16, Movant admits the conduct alleged in the complaint.

As noted, Movant now seeks to terminate the pending disciplinary proceedings against him by surrendering his license to practice law under terms of disbarment. The KBA has no objection to Movant's requests to resign under terms of disbarment, and, indeed, we can find no basis for a resolution other than disbarment. Movant's numerous admissions of professional misconduct are of such a nature as to put in issue his fitness to continue to practice law, and the acts detailed

above have brought the bar into disrepute. Movant's numerous admissions of misconduct support his motion to resign under terms of disbarment. *See, e.g., Kentucky Bar Ass'n v. Hammond,* Ky., 919 S.W.2d 529 (1996); *see also Ragland v. Kentucky Bar Ass'n,* Ky., 900 S.W.2d 614 (1995).

Therefore, it is ordered that the motion of Elmer Patrick Heist to resign from the Kentucky Bar Association under terms of disbarment is granted.

It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five (5) years from the date of this order.

3. Movant shall not file an application for reinstatement following the five-year period if there is pending against him any outstanding claim or judgment arising from his practice of law prior to resignation, including any payments made to any clients or other entity on behalf of the Clients' Security Fund operated by the Kentucky Bar Association.

4. Any application for reinstatement filed by Movant shall be governed by SCR 3.520, or any subsequent amendment to SCR 3.520 thereto regarding reinstatement in the case of disbarment.

5. All disciplinary proceedings pending against Movant shall be terminated and costs of said proceedings, in the amount of $276.45, shall be paid by Movant in accordance with SCR 3.450(1) and SCR 3.480(3)(c).

6. Movant shall comply with the provisions of SCR 3.390 by providing notice to any clients he currently represents of his inability to continue to represent them, and the necessity and urgency of promptly retaining new counsel, and will further notify all courts in which he has matters pending of his disbarment. Such notice shall be made by letter duly placed in the United States mail within ten (10) days of the effective date of this Opinion and Order, and Movant shall provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneous with their mailing. Pursuant to the terms of the agreement with the Kentucky Bar Association, Movant shall also supply the Director with a statement of compliance once all clients have been notified.

All concur.

ENTERED: September 4, 1997.

/s/ Robert F. Stephens
CHIEF JUSTICE

