Steven Dale **GILLIAM**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 99–SC–1124–KB.

Supreme Court of Kentucky.

Jan. 20, 2000.

Randall Edward Norris, Nicholasville, for movant.

Bruce K. Davis, Executive Director, Reid Allen Glass, Deputy Bar Counsel, Frankfort, for respondent.

## OPINION AND ORDER

Movant, Steven Dale Gilliam, desires to terminate Kentucky Bar Association proceedings against him, and thereby requests that this Court enter an order publicly reprimanding him for violations of SCR 3.130–1.3, SCR 3.130–1.4, and SCR 3.130–8.1. The Kentucky Bar Association (KBA) has responded that it has no objection to this motion.

The charges against Movant arose out of Movant's representation of Mr. Richard Byrd. In March of 1994, Mr. Byrd retained Movant to prepare and file a patent application. By September of 1996, Movant had prepared and submitted a proposed patent application to Mr. Byrd for his review and signature. In November of 1997, Movant informed Mr. Byrd that because of the lengthy delay since the application was initially prepared, some of the documents required updating and needed Mr. Byrd's signature. After November of 1997, Mr. Byrd attempted to contact Movant, but Movant failed to return his telephone calls or to respond to Mr. Byrd's correspondence. Movant never filed the patent application. Movant did, however, charge Mr. Byrd over $4000.00 for the services he rendered.

For this conduct, Movant is charged with a violation of SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in the "preparation, finalization and filing" of Mr. Byrd's patent application." Movant admits he failed to act with reasonable diligence and promptness in the filing of the application, but not in the preparation and finalization of the application.

Movant is also charged with a violation of SCR 3.130–1.4(a) for failing to keep Mr. Byrd reasonably informed about the status of the preparation of the patent application, and for failing to promptly comply with Mr. Byrd's reasonable requests for information about the status of the patent application. Movant admits he violated SCR 3.130–1.4 as asserted above.

Movant was also charged with violating SCR 3.130–8.1 by failing to respond to the bar complaint after being served with it by the sheriff, and he admits the violation.

Lastly, Movant was charged with violating SCR 3.130–8.3(c) and SCR 3.130–1.5 for charging Mr. Byrd a fee in excess of $4,000.00 to prepare and file the patent

application, but failing to ever actually file it. Movant denies these two charges and requests this Court to dismiss them. As the KBA has stated that it has no objection to this motion, we agree to dismiss these two charges.

Upon the foregoing facts and charges and upon Movant's motion to terminate these proceedings, it is ordered that:

1. Movant, Steven Dale Gilliam, is hereby publicly reprimanded for his professional misconduct and his violation of SCR 3.130–1.3, SCR 3.130–1.4, and SCR 3.130–8.1.

2. The charges against Movant for violating SCR 3.130–1.5 and SCR 3.130–8.3(c) are hereby dismissed with prejudice.

3. In accordance with SCR 3.450, Movant, Steven Dale Gilliam, is directed to pay the costs of this action, in the amount of $202.64 for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J. and COOPER, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES, J., would order a period of suspension and would require Movant to refund the $4,000.00 fee to Mr. Byrd.

ENTERED: January 20, 2000.

/s/ Joseph E. Lambert
Chief Justice.