KENTUCKY BAR ASSOCIATION,
Movant,

v.

Caroline Laurie GRIFFITH,
Respondent.

No. 2005–SC–000971–KB.

Supreme Court of Kentucky.

March 23, 2006.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Steven T. Pulliam, Kentucky Bar Association, Frankfort, Counsel for Movant.

Caroline L. Griffith, Louisville, for Respondent.

## OPINION AND ORDER

The Kentucky Bar Association has recommended that this Court issue an order against the Respondent, Caroline Laurie Griffith, whose Bar Roster Address is 3125 Randolph Avenue, # 2, Louisville, KY, 40206 and whose KBA Member Number is 86217, suspending her from the practice of law for one-year and that this suspension be served consecutively with Respondent's current five-year suspension, which was imposed in *Kentucky Bar Association v. Griffith*, 136 S.W.3d 429 (Ky.2004). As with the prior disciplinary case, Respondent has once again failed to respond to any of the charges alleged against her. As such, we see no reason to deviate from the disciplinary measures recommended by the majority of the KBA's Board of Governors and order Respondent to be suspended from the practice of law for one year, with said suspension to be served consecutive to the five year suspension set forth in our earlier Opinion and Order.

The charges giving rise to this recommendation arose from Respondent's representation of James R. Brown. Brown was injured in November 1999 and incurred medical expenses and lost wages as a result of his injury. He hired Respondent shortly thereafter to represent him in a suit against United Parcel Service

(hereafter UPS), the alleged tortfeasor. Although Respondent notified Liberty Mutual, the insurance carrier for UPS, of her representation of Brown, she did nothing further to pursue his claim.

In March 2002, Brown retained another attorney, Robert A. Donald, III, to pursue his claim against UPS. Although Donald advised Brown that the statute of limitations had likely passed on his claim against UPS, Liberty Mutual was nevertheless informed of the change of counsel. Liberty Mutual responded that Brown's claim was denied based upon the expiration of the statute of limitations. Thereafter, Donald advised Respondent that Brown would be seeking a legal malpractice claim against her. Eventually, Brown settled his claim against Respondent for $3,000.00 and Respondent provided six post-dated checks to satisfy the agreed settlement. Although the first two of these six checks were returned for insufficient funds, Respondent ultimately complied with the terms of the settlement.

On March 4, 2003, Donald filed a bar complaint with the KBA against Respondent. The complaint was mailed by certified mail to Respondent's bar roster address on March 7, 2003, but was returned "Unclaimed." On April 17, 2003, the complaint was served on Respondent by the Jefferson County Sheriff's office and a reminder letter was also served on Respondent by the Sheriff on May 15, 2003. Respondent did not respond to either communication from the KBA.

On July 8, 2004, the KBA Inquiry Commission issued a four-count Charge against Respondent alleging violations of the following rules: (1) SCR 3.130–1.1 ("A lawyer shall provide competent representation to a client."); (2) SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); (3) SCR 3.130–1.4(a) (requiring a lawyer to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."); and (4) SCR 3.130–8.1(b) (stating, in pertinent part, that "[a] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ."). The Charge was mailed by certified mail to Respondent's bar roster address and to an alternate address. The copy sent to Respondent's roster address was returned, again marked "Unclaimed." The copy that had been mailed to Respondent's alternate address was signed for, and presumably received, by an individual other than Respondent. Subsequently, the Charge was served on Respondent by the Jefferson County Sheriff's office on August 17, 2004. Having failed to receive an Answer from Respondent, the KBA sent a reminder letter on September 17, 2004, but did not receive any response. In fact, Respondent has failed to answer any correspondence from the KBA concerning this case.

After hearing a report by a board member, discussing the facts contained in the record, and considering Respondent's failure to answer the allegations against her, the Board of Governors unanimously found Respondent guilty of each of the four counts listed in the Charge. Sixteen members of the Board voted to recommend that Respondent be suspended for one year, to be served consecutively with Respondent's previous five-year suspension. Two members of the Board voted to recommend that Respondent be suspended for two years, to be served consecutively with Respondent's previous five-year suspension.

Respondent has not filed notice for this Court to review the Board's decision, and we do not elect to do so pursuant to SCR

3.370(9). As such, the decision of the Board of Governors is hereby adopted as to all matters, pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) That Respondent is suspended from the practice of law in Kentucky for a period of one year pursuant to SCR 3.380. This suspension is to be served consecutive to Respondent's current five-year suspension and shall commence on the expiration of that period. Said suspension shall continue until Respondent is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

(2) That, in accordance with SCR 3.450, Respondent is directed to pay the costs of this action in the amount of $162.70, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: MArch 23, 2006.

/s/Joseph E. Lambert

CHIEF JUSTICE