**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Eric Lamar EMERSON, Respondent.**

No. 2008–SC–000353–KB.

Supreme Court of Kentucky.

Aug. 21, 2008.

As Modified Aug. 22, 2008.

**OPINION AND ORDER**

MINTON, Chief Justice.

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Eric Lamar Emerson, who was admitted to practice law in Kentucky in October 2002, whose Bar Roster Address is 300 Madison Ave, Suite 300, Covington, Kentucky 41011, and whose KBA Member Number is 89553, be publicly reprimanded, ordered to repay a client fee, and to attend remedial ethics education.

■ The Charge against Emerson stems from his taking a fee of $2500 from a client in a criminal case in July 2006 and later withdrawing without returning the fee. The client's mother, Barbara Talley, paid the fee, which according to her was to be one-half of the ultimate fee for representation. Emerson appeared in court on behalf of the client at a detention hearing. At the hearing, the judge ordered that any suppression motion be filed by July 28, 2006. Emerson then asked the client for a higher fee for the increased amount of work on the case; the client could not afford the higher fee. Emerson filed a motion to withdraw on July 28, stating that his representation only extended to the detention hearing. (Because Emerson has not responded to the Complaint and did not appear at the hearing on this matter, this is the only statement we have from him about the scope of the agreed-upon representation). The motion was granted, and the client was represented by another attorney. After the withdrawal, the client's mother requested a refund and

complained of inconvenience, delay, and misrepresentation.

Multiple copies of the resulting Bar Complaint were mailed to the bar roster address on file for Emerson at the time, but they were returned as undeliverable. Service was completed by sending a copy to the Executive Director of the KBA as agent of service. On May 27, 2007, Emerson was personally served with a copy of the Complaint by the Campbell County Sheriff's Office. Emerson did not respond to the Complaint.

On September 18, 2007, the Inquiry Commission returned a six-count Charge against Emerson alleging violations of SCR 3.130–1.1 (competence), SCR 3.130–1.3 (diligence), SCR 3.130–1.16(b) (withdrawal with adverse effects), SCR 3.130–1.16(d) (taking steps to protect a client's interests upon termination of representation), SCR 3.130–8.1(b) (failure to respond), and SCR 3.130–3.4(c) (knowing or intentional disobedience of an obligation under the rules of a tribunal for failing to update his bar roster address). A copy of the Charge was served on Emerson by certified mail. Emerson has never responded to the Charge.

Because Emerson never responded, the matter went to the Board of Governor's as a default case under SCR 3.210(1). The Board voted 17 to 2 to find Emerson not guilty of counts I to III (violations of SCR 3.130–1.1, 3.130–1.3 and 3.130–1.16(b)). The Board voted 19 to 0 to find Emerson guilty of counts IV to VI (violations of SCR 3.130–1.16(d), SCR 3.130–8.1(b), and 3.130–3.4(c)). During the penalty phase, twelve members voted for a public reprimand, return of $1,250 of the fee, and completion of six hours of remedial ethics education; three members voted for a thirty-day suspension probated two years on the condition that he return $1,250 of the fee and complete six hours of remedial

ethics education; three members voted a public reprimand; and one member voted for a public reprimand and return of $1,250 of the fee.

■ Neither Emerson nor Bar Counsel has filed a notice pursuant to SCR 3.370(8) for this Court to review the Board's decision, and we do not elect to review the decision of the Board pursuant to SCR 3.370(9). The decision of the Board is hereby adopted pursuant to SCR 3.370(10). We must note that the decision to discipline Emerson was not due to the amount of the fee he charged, which was not necessarily unreasonable or improper; rather, the discipline for his other violations, including his withdrawal on the day a suppression motion was due without taking reasonable steps to protect the client's interests. Nevertheless, because this matter proceeded by default and we see no reason not to accept the Board's recommendation, portions of the sanction imposed do relate to the fee itself.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Respondent, Eric Lamar Emerson, is publicly reprimanded for violating SCR 3.130–1.16(d), SCR 3.130–8.1(b), and 3.130–3.4(c).

2. Respondent shall return $1,250 to Barbara Talley.

3. Respondent shall attend six hours of remedial ethics education, to be approved by Bar Counsel, to be completed in a timely manner and for which Respondent will not apply for CLE credit of any kind, even if the courses he attends are approved for CLE in Kentucky. Respondent will furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect until one year after he completes his remedial education, to allow

the Office of Bar Counsel to verify that he has not reported any hours to the CLE Commission that are taken as remedial education.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $163.83, for which execution may issue from this Court upon finality of this Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and SCOTT, JJ., concur. VENTERS, J., not sitting.