TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000732-KB

1-5-09  EwAGrowthDC.

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                                IN SUPREME COURT


ERIC LAMAR EMERSON                                    RESPONDENT


### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has unanimously recommended to this Court that Respondent, Eric Lamar Emerson, who was admitted to practice law in Kentucky in October 2002, whose Bar Roster Address is Gateway Center West, 300 Madison Ave., Suite 200, Covington, Kentucky 41011, and whose KBA Member Number is 89553, be suspended from the practice of law for 61 days.

The Charge against Emerson stems from his failure to file two motions for shock probation in the Kenton County Circuit Court after his client paid him to do so. The client and others repeatedly tried to contact him about this matter to no avail, and the client instead filed his own pro se requests for shock probation. The time to file these motions had expired, and they were denied.

Prior to the Charge being issued in this case, the Bar Complaint was served upon Emerson by the Kenton County Sheriff on April 2, 2008. Emerson

made no response to the Bar Complaint. The Inquiry Commission issued a five-count Charge against Emerson on May 6, 2008. The five counts alleged that Emerson violated SCR 3.130-1.1 (competence),[1] SCR 3.130-1.3 (diligence),[2] SCR 3.130-1.4(a) (communication),[3] SCR 3.130-1.16(d) (failure to take reasonable steps to protect client's interest upon termination of representation),[4] and SCR 3.130-8.1(b) (failure to respond to demand from disciplinary authority).[5] Emerson signed a certified mail return receipt for the Charge on May 9, 2008, and a reminder letter was mailed to him on July 18, 2008. No Answer to the Charge was ever filed.

Since Emerson did not answer the Charge and he did not appear before the Board of Governors, this Charge proceeded as a default case pursuant to SCR 3.210(1). The Board voted 15 to 0 to find Emerson guilty of Counts I to IV (violations of SCR 3.130-1.1, 3.130-1.3, 3.130-1.4(a), and 3.130-1.16(d)). The

---

[1] SCR 3.130-1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 3.130-1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 3.130-1.4(a) provides: "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 3.130-1.16(d) provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[5] SCR 3.130-8.1(b) provides: ". . . [A] lawyer . . . in connection with a disciplinary matter, shall not:

. . .

(b) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority . . . ."

Board also voted 14 to 1 to find Emerson guilty of Count V (violation of SCR 3.130-8.1(b)).

The Board of Governors then considered the prior discipline of Emerson. On August 28, 2008, this Court publicly reprimanded Emerson for his violations of SCR 3.130-1.16(d), 3.130-8.1(b), and 3.130-3.4(c). See Kentucky Bar Ass'n v. Emerson, 260 S.W.2d 782 (Ky. 2008). After considering this prior discipline, the Board of Governors voted unanimously to recommend that Emerson be suspended from the practice of law for 61 days.

Neither Emerson nor Bar Counsel has filed a notice pursuant to SCR 3.370(8) for this Court to review the Board's decision, and we do not elect to review the decision of the Board pursuant to SCR 3.370(9). This Court sees no reason not to accept the Board's recommendation, and the decision of the Board is hereby adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

1.    Respondent, Eric Lamar Emerson, is suspended from the practice of law for 61 days for violating SCR 3.130-1.1, SCR 3.130-1.3, SCR 3.130-1.4(a), SCR 3.130-1.16(d), and SCR 3.130-8.1(b).

2.    Pursuant to SCR 3.390, Respondent is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. Respondent is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

3.    Respondent shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $449.42, for which execution may issue from the Court upon finality of this Order.

All sitting. All concur.

ENTERED: December 18, 2008.

_____
CHIEF JUSTICE