KENTUCKY BAR ASSOCIATION,
Movant,

v.

Eric Lamar EMERSON, Respondent.

No. 2008–SC–000487–KB.

Supreme Court of Kentucky.

Jan. 22, 2009.

### OPINION AND ORDER

The Kentucky Bar Association (KBA) has moved this Court pursuant to SCR 3.370(8) to determine the limited issue of whether Eric Lamar Emerson, whose bar roster address is 300 Madison Avenue, Suite 200, Covington, Kentucky, 41011, and whose KBA number is 89553, is guilty of violating SCR 3.130–8.1(b) for failing to respond to the bar complaint filed against him. If this Court finds Emerson guilty of the charge, the KBA has also asked the Court to determine what effect, if any, that finding of guilt would have on Emerson's recommended discipline. Having found that Emerson is guilty of violating SCR 3.130–8.1(b), we conclude that the KBA's recommended discipline suspending Emerson from the practice of law for thirty days and requiring him to pay $750.00 to his former client is too lenient. In light of this subsequent finding of guilt and Emerson's history of ethical violations, we find that in addition to repaying his former client $750.00, Emerson's period of suspension should be increased to 181 days.

Emerson was admitted to practice law in the Commonwealth of Kentucky in October 2002. On May 5, 2007, Michael Deckard hired Emerson to defend him in district court and paid Emerson $1,500.00 as

part of their fee arrangement. Approximately one month later, on June 12, 2007, Deckard terminated his legal relationship with Emerson, complaining that Emerson failed to return his phone calls, would not explain anything to him, and lost some of the documents to be used in his defense. Following this termination, Emerson neither provided Deckard with a detailed billing nor an explanation of why he refused to refund any portion of the $1,500 fee, which was not fully earned. On August 27, 2007, Deckard filed a bar complaint against Emerson.

On October 24, 2007, the Disciplinary Clerk sent the bar complaint and a letter to Emerson via certified mail, informing Emerson of the twenty-day deadline for responses and reminding him that failing to respond to a lawful demand for information from the disciplinary authority could result in an additional charge of violating SCR 3.130–8.1. Although the return receipt for this letter was signed by someone other than Emerson, on December 3, 2007, the Campbell County Sheriff's Office personally served Emerson with a copy of the bar complaint. Having received no response from Emerson for over a month, on January 18, 2008, the Disciplinary Clerk sent a reminder letter to Emerson, which he personally signed for on January 25, 2008. Again, however, Emerson never responded.

Thereafter, on March 18, 2008, the Inquiry Commission issued a three count charge against Emerson, alleging that he violated SCR 3.130–1.4(a) and/or (b) (communication), SCR 3.130–1.16(d) (failure to follow proper steps on termination of representation), and SCR 3.130–8.1(b) (failure to respond to a lawful demand for informa-

tion from a disciplinary authority). The Kenton County Sheriff's Office personally served a copy of this charge and a letter explaining the twenty-day deadline to file an answer on Emerson on April 2, 2008. A reminder letter was mailed to Emerson on April 22, 2008, but the Bar Counsel never received a response or an answer from Emerson. Thus, on May 16, 2008, the KBA presented Emerson's charges to the Board of Governors as a default case. On July 7, 2008, the Board of Governors filed its findings of facts and conclusions of law, recommending that Emerson be found guilty of violating SCR 3.130–1.16(d) and not guilty of violating SCR 3.130–1.4(a) and/or (b). As to Emerson's charge of violating SCR 3.130–8.1(b), the Board was unable reach the required eleven votes to find Emerson guilty of this charge.[1] The KBA has sought review in this Court pursuant to SCR 3.370(8) to determine whether Emerson is indeed guilty of violating this charge. Emerson has not filed a reply brief to the KBA's position in this case. Having found that Emerson did fail to respond to a demand for information from a disciplinary authority, we agree with the KBA's recommendation that Emerson is guilty of violating SCR 3.130–8.1(b).

SCR 3.130–8.1 states that "a lawyer . . . in connection with a disciplinary matter shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority. . . ." Although this Rule does not expressly state that a bar complaint or a complaint issued by the Inquiry Commission is "a lawful demand for information," this Court has consistently adopted such an interpretation and has held that a lawyer who fails to respond to a bar complaint violates SCR

---

1. According to SCR 3.370(6), the findings of fact and disciplinary recommendations must be agreed upon by eleven members of the Board of Governors. In Emerson's case, only nine members found him guilty of failing to respond to a lawful demand for information, while six members found him not guilty.

3.130–8.1(b). *Heist v. KBA,* 951 S.W.2d 326 (Ky.1997) (finding an attorney guilty of violating SCR 3.130–8.1 when he failed to respond to two bar complaints filed against him and to the complaint issued by the Inquiry Tribunal); *Gilliam v. KBA,* 8 S.W.3d 571 (Ky.2000) (holding that an attorney violated Rule 8.1 when he failed to respond to the bar complaint served on him by the sheriff); *KBA v. Perry,* 102 S.W.3d 507 (Ky.2003) (finding a lawyer guilty of violating SCR 3.130–8.1 for failing to respond to a bar complaint); *KBA v. Griffith,* 186 S.W.3d 739 (Ky.2006) (holding that an attorney violated SCR 3.130–8.1 for not responding to the charges brought by the KBA). Furthermore, Emerson has previously twice been found guilty of violating SCR 3.130–8.1(b) for this same conduct, *i.e.,* failing to respond to a bar complaint. *KBA v. Emerson,* 260 S.W.3d 782 (Ky.2008); *KBA v. Emerson,* 275 S.W.3d 183 (Ky.2008).

■ Here, despite the bar complaint personally served on Emerson in December 2007, the reminder letter sent in January 2008, the Inquiry Commission charge personally served on Emerson in early April 2008, and the second reminder letter sent in late April 2008, Emerson has repeatedly failed to respond to any of the charges brought against him. Thus, Emerson plainly violated SCR 3.130–8.1(b).

■ As far as Emerson's discipline, we find that due to his numerous recent ethical violations, the KBA's recommendation of a thirty-day suspension and repayment of $750.00 is too light. In August 2008, this Court publicly reprimanded Emerson for violating SCR 3.130–1.16(d), SCR 3.130–3.4(c), and SCR 3.130–8.1(b). *Emerson,* 260 S.W.3d at 783. These violations stemmed from Emerson's conduct in July 2006, when he accepted a $2500 fee from a client, later withdrew as counsel without returning any portion of the fee, and failed to respond to both the bar complaint and the charges brought by the Inquiry Commission. *Id.* at 782. In December 2008, Emerson was suspended from the practice of law for 61 days for violating SCR 3.130–1.1, SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d) and SCR 3.130–8.1(b). *Emerson,* 275 S.W.3d at 183. These charges were based on Emerson's failure to file two motions for shock probation in the Kenton Circuit Court after accepting payment from his client to do so, and his failure to respond to the complaint issued against him. *Id.* Having considered Emerson's prior disciplinary matters and the additional finding of guilt for violating SCR 3.130–8.1(b), we find that in addition to repaying the $750.00, Emerson should be suspended from the practice of law for 181 days. In addition, because the Board's findings and conclusions as to Emerson's other charge of violating SCR 3.130–1.16(d) are supported by the record and the law, we adopt this decision pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Eric L. Emerson is adjudged guilty of violating SCR 3.130–1.16(d) and SCR 3.130–8.1(b).

2. Eric L. Emerson is suspended from the practice of law in this Commonwealth for a period of 181 days. The suspension shall commence from the date of entry of this order and shall continue until Emerson is reinstated pursuant to SCR 3.510(2).

3. Eric L. Emerson is directed to refund $750.00 to Michael Deckard within thirty (30) days from the entry of this Opinion and Order.

4. Pursuant to SCR 3.390, Eric L. Emerson shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in

which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Emerson shall immediately cancel and cease any advertising activities in which he is engaged

5. Pursuant to SCR 3.450, Emerson is directed to pay all costs associated with these disciplinary proceedings in the amount of $211.65.

All sitting. All concur.

ENTERED: January 22, 2009.

/s/ John D. Minton, Jr.
Chief Justice