Eric Lamar EMERSON, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2010–SC–000398–KB.

Supreme Court of Kentucky.

Aug. 26, 2010.

## OPINION AND ORDER

Eric Lamar Emerson, KBA No. 89553, was admitted to the practice of law on November 8, 2002 and his bar roster address is 4510 West Corral Road Laveen, Arizona 85339. He moves this Court to impose the sanction of a thirty-day suspension from the practice of law with suspension to commence upon entry of this Order. The KBA has no objection to the motion, as the parties have agreed to this negotiated sanction pursuant to SCR 3.480(2).

### KBA File 71335

On July 29, 2009, Brenda Ellis, a client of Emerson's, filed a bar complaint alleging that Emerson accepted $100.00 to complete work on her behalf, that Emerson did not complete the work, and he did not refund the fee. In response, the Inquiry Commission issued a charge including Ellis' allegations, allegations that Emerson failed to update his bar roster address, and allegations that he failed to respond to the bar complaint. Subsequently, the Inquiry Commission amended that charge on August 17, 2009 due to typographical errors, but Emerson failed to respond. The case was then submitted to the Board of Governors as a default pursuant to SCR 3.210(1). On November 19, 2009, Emerson moved to submit an untimely answer to the charge and tendered an answer. The Board of Governors granted that motion and removed the case from their docket on November 20, 2009.

The information contained in Emerson's Answer and Affidavit rebutted Ellis' allegations, but provided no explanation for his failure to update his bar roster address or his failure to respond to the bar complaint. The Inquiry Commission issued a Second Amended Charge on February 4, 2010, deleting Ellis' allegations, but retaining the counts alleging Emerson's:

(1) failure to update his bar roster address as required by SCR 3.175, a violation of SCR 3.130–3.4(c), which prohibits a knowing violation of a tribunal's rules; and (2) his failure to respond to the bar complaint, a violation of SCR 3.130–8.1(b), which prohibits the knowing failure to respond to a lawful demand for information from a disciplinary authority.

## Negotiated Sanction

■ Emerson admits that his misconduct in these matters constituted a violation of SCR 3.130–3.4(c) and SCR 3.130–8.1(b). He and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) and he now requests this Court to impose a thirty-day suspension from the practice of law.

Emerson is currently suspended from the practice of law due to several previous disciplinary cases. On December 18, 2008 he was suspended for sixty-one days for violations of SCR 3.130–1.1, SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d) and SCR 3.130–8.1(b). *Kentucky Bar Ass'n v. Emerson,* 275 S.W.3d 183 (Ky. 2008). The KBA filed an objection to automatic reinstatement on February 9, 2009. On January 22, 2009 Emerson was suspended for an additional one hundred and eighty-one days for violations of SCR 3.130–1.16(d) and SCR 3.130–8.1(b). *Kentucky Bar Ass'n v. Emerson,* 276 S.W.3d 823 (Ky.2009). Finally, on January 21, 2010, Emerson received a two-year suspension based on disciplinary sanctions issued by the Ohio Supreme Court. *Kentucky Bar Ass'n v. Emerson,* 303 S.W.3d 108 (Ky.2010). Emerson has been suspended for more than one hundred and eighty-one days already and therefore must comply with the requirements of SCR 3.510(3) and be referred to the Character and Fitness Committee for reinstatement proceedings.

Although the parties provide no authority for this recommended sanction, we agree that it is in line with our previous decisions. For example, in *Kentucky Bar Ass'n v. Beal,* 169 S.W.3d 860 (Ky.2005), Beal was publicly reprimanded after he was found guilty of violating SCR 3.130–8.1(b). And in *Kentucky Bar Ass'n v. Leadingham,* 269 S.W.3d 419 (Ky.2008), Leadingham received a thirty-day suspension, which was probated for one year on the condition that he attend the KBA's Ethics and Professionalism Enhancement Program, for violating SCR 3.130–3.4 and SCR 3.130–8.1(b).

We also note that the Chair of the Inquiry Commission and a past president of the KBA have reviewed and approved Emerson's motion requesting the above discipline. We agree and find it appropriate given Emerson's previous violations.

## Discipline

Agreeing that the negotiated sanction proposed in Emerson's motion is appropriate, it is ORDERED that:

1. Eric Lamar Emerson shall be suspended from the practice of law for an additional thirty days, beginning upon the expiration of his 2010 two-year suspension; and

2. In accordance with SCR 3.450, Emerson is to pay all costs associated with these proceedings, said sum being $322.71, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.
    Chief Justice