TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

## 2017-SC-000098-KB

KENTUCKY BAR ASSOCIATION                                            MOVANT

V.                                   IN SUPREME COURT

DENNIS MICHAEL STUTSMAN                                     RESPONDENT
KBA MEMBER NO. 81569

## OPINION AND ORDER

Respondent, Dennis Michael Stutsman, was admitted to the practice of law in the Commonwealth of Kentucky on April 27, 1987. Respondent's Kentucky Bar Association ("KBA") Member Number is 81569 and his bar roster address is 1112 Taborlake Drive, Lexington, Kentucky 40502. On July 21, 2016, the KBA Inquiry Commission issued a three-count disciplinary Charge against Respondent in KBA File Number 24086. The Charge reached the KBA Board of Governors (the "Board") by default on February 21, 2017. The Board found Respondent guilty of committing all three disciplinary infractions, and recommended a suspension from the practice of law for a period of thirty (30) days, in addition to other conditions. The case now stands submitted to this Court for adoption of the Board's Findings of Fact, Conclusions of Law, and Recommendation.

The underlying facts of this disciplinary action occurred during the course of Respondent's representation of Chelsey Wilson. After Ms. Wilson's application for Social Security disability was denied, Respondent was hired to appeal the denial. Accordingly, on March 20, 2015, Respondent filed a timely appeal in the United States District Court for the Eastern District of Kentucky. The federal judge entered an order on July 20, 2015, requiring the parties to file appellate briefs within sixty days. Respondent failed to file the appellate brief on Ms. Wilson's behalf. Subsequently, the presiding judge became aware that Respondent had failed to file an appellate brief in another Social Security case on appeal before a different federal judge. Consequently, the presiding judge issued an order banning Respondent from filing any new cases in federal court for a period of one year. The matter was referred to the KBA Office of Bar Counsel for disciplinary proceedings.

On February 9, 2016, the Inquiry Commission filed a Complaint against Respondent. A Fayette County Sherriff served Respondent with the Complaint on March 18, 2016. Included with the bar complaint was a request for additional information and a warning that failure to respond could result in an additional charge of misconduct. Respondent, however, failed to respond to the Complaint. As a result, on July 21, 2016, the KBA Inquiry Commission filed a three-count Charge against Respondent alleging the following violations of the Kentucky Rules of Professional Conduct: Count I, Supreme Court Rule ("SCR") 3.130-1.3 (failure to act with reasonable diligence and promptness); Count II, SCR 3.130-3.4(c) (knowingly disobeying an obligation under the rules

2

of a tribunal); and Count III, SCR 3.130-8.1(b) (failure to respond to a lawful demand for information from an admissions or disciplinary authority).

On August 12, 2016, Respondent was served with the Charge via certified mail. Respondent did not file an answer to the Charge and the case proceeded to the Board by default. By a unanimous vote, Respondent was found guilty of committing all three disciplinary infractions. The Board has determined that the appropriate punishment is to suspend Respondent from the practice of law for thirty (30) days, order him to complete the Ethics and Professionalism Enhancement Program ("EPEP"), and refer him to the Kentucky Lawyer Assistance Program.

Neither Respondent, nor the Office of Bar Counsel has requested that this Court take review of the Board's decision pursuant to SCR 3.370(7). This Court also declines the opportunity to independently review the Board's decision per SCR 3.370(8). The Board's findings are adequately supported by the record and its recommended period of suspension is a suitable punishment. *See Kentucky Bar Ass'n v. Justice,* 198 S.W.3d 583 (Ky. 2006) (thirty-day suspension was appropriate for attorney who failed to file responsive pleadings resulting in the dismissal of client's case); *see also Kentucky Bar Ass'n v. Pridemore,* 436 S.W.3d 526 (Ky. 2014) (imposing a thirty-day suspension, probated for two years, on an attorney with no disciplinary history, who failed to file a timely appeal); *Kentucky Bar Ass'n v. Leadingham,* 269 S.W.3d 419 (Ky. 2008) (failure to file appellate briefs warranted a thirty-day suspension from the practice of law, probated on the completion of EPEP).

3

This Court finds additional support for the Board's imposition of suspension based on Respondent's disciplinary history. On September 4, 2002, Respondent was privately admonished for similar misconduct when he failed to timely file an appellate brief. In that disciplinary proceeding, Respondent was also found guilty for lack of diligence and failure to keep his client reasonably informed.

On February 23, 2016, this Court imposed further discipline upon Respondent in *Stutsman v. Kentucky Bar Ass'n,* 184 S.W.3d 560 (Ky. 2006). The disciplinary action was based on a contempt order issued by the Kentucky Court of Appeals for Respondent's failure to timely file a brief in three separate cases. *Id.* The Court of Appeals also referenced six other cases in which Respondent disregarded deadlines and failed to file responses to show cause orders. *Id.* This Court issued a public reprimand for Respondent's failure to diligently represent his clients and expedite their cases, and for disobediently ignoring the Court of Appeals' orders. *Id.* at 561.

Having reviewed the record, analogous case law, and Respondent's disciplinary history, we hereby adopt the Board's Findings of Fact, Conclusions of Law, and Recommendation pursuant to SCR 3.370(9).

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Dennis Michael Stutsman, KBA Member Number 81569, is found guilty of violating SCR 3.130-1.3, SCR 3.130-3.4(c), and 3.130-8.1(b);

2. Respondent is suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days;

4

3. Respondent may not be reinstated to the practice of law until he completes the Ethics and Professionalism Enhancement Program;

4. Respondent is also hereby referred to the Kentucky Lawyer Assistance Program for an evaluation; and

5. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding, in the amount of $178.95 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: April 27, 2017.

CHIEF JUSTICE