TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL DATE 6/26/18 Kim Redmon, DC

2018-SC-000100-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

DENNIS MICHAEL STUTSMAN                          RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) has charged Dennis Michael Stutsman[1] as a default case under SCR[2] 3.210. Based on its proceedings, the KBA Board of Governors found Stutsman guilty on three counts, and recommended that Stutsman be suspended from the practice of law for 181 days, and be required to pay costs in this action. We adopt the Board's recommendations. SCR 3.370(9).

### I.    Factual Background.

KBA file 16-DIS-0170 concerns Stutsman's failure to answer a Bar Complaint filed by his former client, Angela Morath, with respect to his

---

[1] Stutsman's KBA Number is 81569. He was admitted to the practice of law on April 27, 1987, and his bar roster address is 1112 Taborlake Drive, Lexington, Kentucky 40502.

[2] Kentucky Rules of Supreme Court.

mishandling of her adoption case. The Bar Complaint was filed on August 11, 2016. The Fayette County Sheriff's Department personally served Stutsman with the Bar Complaint on November 16, 2016. After Stutsman failed to file an Answer to the Complaint, the Inquiry Commission issued a four-count charge against him, on July 25, 2017.

Stutsman was retained by Angela Morath in April 2015 to handle an adoption. Morath signed a retainer agreement with Stutsman and paid him $4,000.00 in advance for his services. When the child was born in August 2015, Stutsman did successfully obtain temporary custody of the child in the Hardin Circuit Court but did not progress the adoption any farther. Stutsman prepared consent forms to be signed, but these were rejected by the court multiple times as insufficient. Additionally hearings were repeatedly rescheduled. Morath was rarely able to contact Stutsman despite attempts via phone, email, and text. Stutsman only responded several times, and when he did, he inaccurately represented the status of the case, often blaming the court for delays.

The adoption agency contacted Morath seeking final paperwork and advised her that the process had been pending much longer than usual. Almost a year after retaining Stutsman, Morath hired a new attorney to proceed with the adoption. Her new counsel requested Morath's file from Stutsman and a partial refund of fees, but neither were provided. That attorney was able to complete the adoption in June 2016 with no delays or

complications. Morath again requested a partial refund of attorney fees, to which no response was made.

Stutsman was charged with the following violations:

Count I: SCR 3.130–1.1: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Count II: SCR 3.130–1.16(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

Count III: SCR 3.130–3.2: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

Count IV: SCR 3.130–8.1(b): "[A] lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

The Board of Governors found Stutsman guilty of Counts II, III, and IV by a vote of 16–0, and not guilty on Count I by a vote of 16–0. The Board voted 11-5 to recommend that Stutsman be suspended from the practice of law for 181 days.[3]

This matter is not the first time Stutsman has been cited and disciplined for his misconduct as a practicing attorney. On September 4, 2002, Stutsman received a private reprimand for violating SCR 3.130–1.3 and SCR 3.130–1.4(a)

---

[3] The Board also considered a suspension of 180 days with EPEP attendance and payment of costs.

for failure to timely file an appellate brief and cited for lack of diligence and failure to keep a client reasonably informed. On February 23, 2006, Stutsman was issued a public reprimand for violating SCR 3.130–1.3, SCR 3.130–3.2, and SCR 3.130–3.4(c) after being held in contempt by the Kentucky Court of Appeals for failure to file timely briefs in three cases. *Stutsman v. Ky. Bar Ass'n*, 184 S.W.3d 560 (Ky. 2006).[4] Stutsman was cited for lack of diligence, failure to expedite litigation consistent with client interests, and knowingly disobeying an obligation to a tribunal. On April 27, 2017, Stutsman was suspended from the practice of law for thirty days for violating SCR 3.130–1.3, SCR 3.130–3.4(c), and SCR 3.130–8.1(b), referred to KYLAP for an evaluation, and ordered to complete the Ethics and Professionalism Enhancement Program (EPEP) before being reinstated. *Ky. Bar Ass'n v. Stutsman*, 515 S.W.3d 668 (Ky. 2017).

Here, Stutsman's misconduct in KBA file 16-DIS-0170 in large part mirrors that for which he has been previously disciplined, and indicates repeated noncompliance with the rules of his chosen profession. In the case of *Ky. Bar Ass'n v. Emerson*, 276 S.W.3d 823 (Ky. 2009), this Court exercised its discretion to suspend the Respondent for 181 days and ordered repayment of unearned costs for violating SCR 3.130–1.16(d) and SCR 3.130–8.1(b) after considering Emerson's prior disciplinary matters, which included a public

---

[4] That disciplinary action also incorporated the Court of Appeals' reference to six additional cases in which Stutsman repeatedly missed deadlines and failed to file responses to show cause orders.

reprimand and 61-day suspension. Likewise, in light of Stutsman's previous disciplinary actions, we believe that suspension of 181 days and payment of costs is appropriate.

ACCORDINGLY, IT IS ORDERED THAT:

A. Stutsman is adjudged guilty of violating SCR 3.130–1.16(d), SCR 3.130–3.2, and SCR 3.130–8.1(b);

B. Stutsman is hereby suspended from the practice of law in Kentucky for 181 days, to run consecutively to all suspensions currently imposed;

C. As required by SCR 3.390, Stutsman shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel. Stutsman shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

D. In accordance with SCR 3.450, Stutsman is directed to pay all costs associated with these disciplinary proceedings against him. The costs of this proceeding, including amounts incurred after the consideration and vote by the Board, as calculated and certified by the Disciplinary Clerk, are $364.40.

All sitting. All concur.

ENTERED: June 14, 2018.

_____
CHIEF JUSTICE

5