TO BE PUBLISHED

# Supreme Court of Kentucky

## 2019-SC-000421-KB

FINAL

DATE 10-14-19 by Crowley Kittrell

MICHAEL BENJAMIN SHIELDS          MOVANT

V.            IN SUPREME COURT

KENTUCKY BAR ASSOCIATION          RESPONDENT

## OPINION AND ORDER

Movant, Michael Benjamin Shields, was admitted to the practice of law in the Commonwealth of Kentucky on October 11, 2002. His Kentucky Bar Association (KBA) number is 89434 and his bar roster address is 26 Broadway, P.O. Box 950, Mt. Sterling, Kentucky, 40353. Pursuant to SCR 3.480(2), he moves this Court to enter a negotiated sanction imposing a thirty-day suspension from the practice of law, to be probated for one year subject to conditions. The KBA has no objection.

## I. BACKGROUND

Vicki Lykins hired Shields to represent her in a criminal case in which she had been indicted for first-degree wanton endangerment and first-degree assault. In May 2015, prior to hiring Shields, Lykins had posted a $5,000 bond. A condition of that bond was that she maintain contact with her

attorney. In October of that year, Shields entered his appearance on behalf of Lykins in the case. On the same day, Lykins filed a bond assignment to Shields of her $5,000 bond and requested the court deliver that amount to Shields. The next week, the trial court released half of the full bond amount to Shields.

Eventually, a jury trial was scheduled for February 5-6, 2018. Shields met with Lykins on January 31, 2018 to discuss the trial and a plea deal the Commonwealth offered. Shields asked Lykins to contact him the next day (February 1) to advise him whether she would accept the deal or proceed to trial. Though Lykins had maintained regular contact with Shields throughout the representation, she did not contact Shields on February 1 and he made no attempt to reach her. In spite of making no attempt to contact his client, Shields filed a motion to withdraw from representing Lykins on February 2. In the motion, he indicated Lykins had "failed to meet her obligation in the Attorney-Client relationship, thereby requiring the undersigned to terminate his representation." Shields did not notify Lykins that he filed the motion to withdraw.

Because of Shields's motion to withdraw, the trial court issued a bench warrant against Lykins for failing to maintain contact with her attorney, a condition of her bond. On February 5, Lykins was arrested and remained in custody for more than two months, when she was released on a surety bond. Also on February 5, the trial court allowed Shields to withdraw from his representation of Lykins. On February 20, the trial court signed an agreed

2

order between Shields and the Commonwealth's Attorney and released the remaining $2,500 of Lykins's bond to Shields. Shields kept the entire $5,000 bond.

Shields admits he did not account for the work he performed in Lykins's case, but estimates he earned at least $2,800 of the $5,000 bond. Once the disciplinary action was initiated, Shields returned $2,500 of the bond to Lykins.

Shields admits his actions constituted violations of SCR 3.130(1.16)(b) and (1.16)(d). SCR 3.130(1.16)(b) concerns when an attorney may withdraw from representing a client. It states, in pertinent part: "a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client . . . (7) other good cause for withdrawal exists." Shields admits he violated this rule when he improperly withdrew from his representation of Lykins when he lacked good cause and his withdrawal adversely affected his client.

KRS 3.130(1.16)(d) provides, in pertinent part:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

Here, Shields admits that he violated this rule by failing to notify Lykins of his intent to terminate representation, filing his motion to withdraw three days before the start of the scheduled jury trial in her case, and failing to refund the unearned portions of the fee he collected.

3

The KBA and Shields agree that the proper discipline is a thirty-day suspension from the practice of law, probated for one year with conditions, as discussed below.

## II. ANALYSIS

Having reviewed the facts of this case, we agree with the parties and adopt the negotiated sanction. We agree that Shields's conduct in this case amounted to violations of SCR 3.130(1.16)(b) and (d). Shields's termination of his representation of Lykins on the eve of her trial, and without even attempting to contact her regarding the matter, resulted in a "material adverse effect on the interests of the client" as prohibited by SCR 3.130(1.16)(b). Shields's assertion that he had no choice but to terminate representation without exerting due diligence in communicating with Lykins resulted in the withdrawal of her bond and her having to obtain new counsel just before her jury trial was set to begin. Furthermore, Shields's retention of unearned funds resulted in a violation of SCR 3.130(1.16)(d).

We also hold that the sanction the parties negotiated in this case is adequate and in line with our precedent. For example, in *Kentucky Bar Ass'n v. Emerson*, 260 S.W.3d 782 (Ky. 2008), this Court publicly reprimanded Emerson for several violations, including SCR 3.130(1.16)(d). In that case, Emerson accepted a $2,500 fee from a client in a criminal case. That fee was to be one half of the total fee. When Emerson asked his client for a higher fee

4

after the judge ordered a suppression motion be filed in the case, the client could not pay and Emerson filed a motion to withdraw from representation on the same day the suppression motion was due. The trial court granted Emerson's motion and the client obtained another attorney.

Emerson failed to participate in the disciplinary process and the Board of Governor's entered a default judgment. This Court adopted the Board's recommendation of a public reprimand, remedial ethics education, and a return of $1,250 of the fee, which it deemed to be unearned. The Court made it clear that "his withdrawal on the day the suppression motion was due without taking reasonable steps to protect the client's interests" was a motivating factor in its decision. *Id.* at 783.

Just as in the *Emerson* case, here, Shields withdrew without protecting his client's interests. A harsher sanction is in order in this case, as the harm to his client was even greater. Shields's actions resulted in Lykins's bond withdrawal, and her spending more than two months in jail without another bond set. Furthermore, Shields accepted another $2,500 in legal fees after he had already terminated Lykins's representation. This accounts for the different sanctions imposed in *Emerson* (a public reprimand) and this case (a thirty-day suspension from the practice of law, probated for one year with conditions).

Shields was privately reprimanded by this Court in another matter for misconduct he committed during the same time frame relevant to the current case. In mitigation, he asserts that he was abusing alcohol at the time of the

5

actions giving rise to the ethical complaints against him in both cases. He states he has taken significant action in response to his alcohol addiction, such as actively participating in the Kentucky Lawyer's Assistance Program (KYLAP). He and the KBA agree that a condition that he maintain compliance with his KYLAP agreement as a condition of his probated suspension is appropriate.

## III. ORDER

Agreeing that the negotiated sanction is appropriate, it is ORDERED that:

Michael Benjamin Shields is found guilty of violating SCR 3.130(1.16)(b) and (d) and is suspended from the practice of law for thirty days, to be probated for one year, with the following conditions:

1. Shields shall receive no new disciplinary violations during the one-year probationary period;

2. Shields shall continue to comply with the KYLAP agreement in place and provide status reports to the Office of Bar Counsel every ninety days from the entry of this order stating whether he continues to comply with the terms and conditions of said KYLAP agreement;

3. Shields shall timely pay his KBA membership dues;

4. Shields shall timely satisfy all continuing legal education requirements;

5. Shields shall pay all costs required by the KYLAP agreement; and

6. In accordance with SCR 3.450, Shields shall pay all costs associated

6

with these disciplinary proceedings, said sum being $269.20, for which

execution may issue from this Court upon finality of this Opinion and

Order.

All sitting.  All concur.

ENTERED:  September 26, 2019.

_____
CHIEF JUSTICE

7