**Chris CHRISTOFF et al., Petitioners,**

**v.**

**Hon. Wallis DOWNING, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

May 7, 1965.

C. M. Leibson, Louisville, for petitioners.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for respondent.

HILL, Judge.

Petitioners, Chris Christoff and Grace Christoff, his wife, filed suit in the Jefferson Circuit Court against William Murion, Thomas E. Rice and Abe Pozitzer, d/b/a Moon Cleaners, for personal injuries. The case was assigned for trial on March 22, 1965.

On February 4, 1965, Murion filed motion to require the plaintiff, petitioner here, to "execute a signed authorization" to the Veterans Administration permitting and consenting to taking of deposition of a representative of the Veterans Administration. Apparently the VA has a regulation against giving its deposition or disclosing its medical records and history without the consent of the person involved. This motion was first overruled, but the motion was later renewed, supported by affidavit. Presumably at a hearing on the motion, the attorney for Christoff stated: "I know of no civil rule which requires either our office or our client to consent to your request."

On February 16, 1965, the respondent entered the following order:

"The plaintiff has declined to give his consent for the defendant to examine the records of the Veterans Administration.

"The case is assigned for trial March 22, 1965. The plaintiff is given until March 2, 1965, to give his consent, or the reason why he will not give his consent for the examination of the records.

"If the plaintiff does not comply with the within order by March 2, 1965, then the court will stay all further proceedings, pursuant to Rule 37.03."

After the entry of this order petitioner, by counsel, filed a response in which he stated the plaintiff would not give his consent for examination and use of the records in question.

On February 26, 1965, the respondent entered the following order:

"This matter coming on to be heard before the court, and arguments having been heard, the defendant's motion to remand this case from the trial docket is sustained. The trial of this case is remanded from the trial docket until such time as the plaintiff authorizes the depositions of the custodians of the records at the Veterans Administration, Louisville, Kentucky, to be taken."

Petitioner promptly filed this original action in this Court seeking a writ of mandamus directing the respondent to set aside the order complained of.

The lone question involved here is the propriety of that order. CR 37.03, among other things, provides:

"If any party * * * refuses to obey an order * * * made under Rule 34, to produce any document * * * or to permit it to be done, * * * the court may make such orders in regard to the refusal as are just, and among others the following: * * * (c) * * * or staying further proceedings until the order is obeyed, or dismissing the action * * *."

As noted above, the petitioner's action in the circuit court is for personal injuries. His physical condition, obviously, was material to the defense of Murion and the other defendants, or they thought so, and the trial judge, the respondent, concurred.

Rules 33 to 37, including 37.03, were intended, not only to expedite the determination of issues and the final disposition of law suits, but to provide for full and frank disclosure of material evidence and situations to assist the courts to do justice. The rules are calculated to save time and money for litigants and lawyers alike.

This Court has concluded the evidence sought was competent, proper and material to defendants; that the order and action of the respondent was just, reasonable and authorized by CR 37.03.

Hedges v. Neace, Ky., 307 S.W.2d 564 (1957), cited by petitioners, contains no comfort for them. In that case, demand was made on a party at the trial to produce a copy of his income tax return. He testified he did not keep a copy. The court refused to require the party to file same. In upholding the ruling of the trial court, this Court said:

"Several federal courts have ruled that where a party has retained a copy of his income tax return, his adversary in a discovery proceeding under Fed. Rules Civ.Proc. rule 34, 28 U.S.C.A. (like Kentucky Rule 34) is entitled to have him file the copy or otherwise obtain one and file it. See Reeves v. Pennsylvania Railroad Co., D.C., 80 F.Supp. 107. We think it was proper under the circumstances for the court to have sustained the objections. In the first place, the party testified he

had not retained a copy of his return and in the second place, it was too late to have required him to obtain and produce a copy as a matter of discovery."

Petitioner relies on Bender v. Eaton, Ky., 343 S.W.2d 799 (1961), which is not a parallel case. In the Bender case, the lower court was attempting to require a party to produce writings prohibited by CR 37.02, which were "writing[s] obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial."

By way of reminder, we should note that Bender is the landmark case interpreting CR 37.02 and similar provisions. It is also an interesting case on the power of this Court in original actions to prohibit a trial judge from proceeding in cases similar to the present case. We quote further from the Bender case:

"By section 110 of the Kentucky Constitution the Court of Appeals is given very broad supervisory control of lower courts. The exercise of this authority has no limits except our judicial discretion, and each case must stand on its own merits. Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377; Rush v. Denhardt, 138 Ky. 238, 127 S.W. 785; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178; Harrod v. Meigs, Ky., 340 S.W.2d 601.

"Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief. This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other .courts. If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory

court order, we would face an impossible burden of nonappellate matters."

Wherefore, the relief sought is denied and the petition dismissed.