**Kathy Lynn MUNROE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 96–SC–706–KB.**

Supreme Court of Kentucky.

Aug. 29, 1996.

Peter L. Ostermiller, Haddad Law Office, Louisville, for movant.

Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for respondent.

### OPINION AND ORDER

Kathy Lynn Munroe was suspended from the practice of law for a period of three months by order entered March 21, 1996. She has made a motion for an additional three-month suspension, consecutive to her previous suspension, to terminate four other disciplinary actions pending against her. The Kentucky Bar Association does not object to her motion.

In response to one charge Munroe acknowledges that she violated SCR 3.130–1.4 by failing to keep a client in a personal injury action reasonably informed.

Munroe acknowledges in response to another charge that she "acted improperly" and violated CR 45.01 and thus Rule 3.4(c), knowingly disobeying an obligation under the rules of a tribunal. In a divorce action, she prepared and served a subpoena duces tecum on the parties' insurance agent to appear at Munroe's office with the parties' insurance record. She did not notice opposing counsel, and there was no notice of deposition or hearing date scheduled. Munroe claims that she used the ex parte subpoena to obtain information regarding her own client's home insurance policy, information known to opposing counsel.

In a third disciplinary action, Munroe was charged with violating Rule 1.3, failing to act with reasonable diligence in representing a client. A client had paid Munroe a $250 retainer, but Munroe failed to appear at a hearing of the client's small claim action, resulting in a default judgment against Munroe's client. Although Munroe claims she never told the client she would represent her in the small claims action, she "acknowledges the existence of both confusion and misunderstanding" regarding her representation of the client and admits that her conduct violated the rule. Munroe also admits she violated Rule 1.4 in failing to respond to two letters from the client's successor attorney. Although Munroe filed a timely response to the Inquiry Tribunal's charge in this case, Munroe acknowledges that she violated Rule 8.1 by failing to respond to the client's initial complaint to the Kentucky Bar Association.

In response to the final charge, Munroe denies that she violated the disciplinary rules and requests the charge be dismissed. The Kentucky Bar Association does not object. Therefore, the charge in KBA File No. 4688 is dismissed.

Ordinarily Munroe's admissions of guilt, together with her prior discipline, would mandate a suspension from the practice of law for more than three months. However, in view of compelling mitigating circumstances, we grant Munroe's unopposed request for a three-month suspension consecutive to her previous three-month suspension.

Therefore, it is hereby ordered as follows:

(1) Kathy Lynn Munroe is suspended from the practice of law in the Commonwealth of Kentucky for a period of three months, consecutive to her three-month suspension which began March 21, 1996, and until such further time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

(2) In her description of her mitigating circumstances, Munroe acknowledges her need to confront her problems and seek professional help. Before she is readmitted to the practice of law in the Commonwealth of Kentucky, Kathy Lynn Munroe must show the Character and Fitness Committee of the Kentucky Bar Association proof that she has addressed her personal problems, including seeking the professional help she acknowledges she needs.

(3) In accordance with SCR 3.450, Munroe shall be responsible for the payment of the costs of the disciplinary investigation and proceedings in the amount of $1349.49. Munroe shall be permitted to pay the costs at the rate of $100 per month, with the balance due in full if and when she applies for reinstatement to the practice of law.

ENTERED: August 29, 1996.

/s/ Robert F. Stephens
Chief Justice