**Rachel GEARY, Petitioner,**

v.

**Honorable Edwin A. SCHROERING, Judge Jefferson Circuit Court, Division 12, Respondent,**

and

**Samuel Grant Welding & Therapy Services, Inc., Real Parties In Interest.**

No. 1998–CA–002089–OA.

Court of Appeals of Kentucky.

Nov. 6, 1998.

---

Alan S. Rubin, Louisville, for petitioner.

Emily A. Hoffman, Charles W. Miller, O'Bryan, Brown & Toner, Louisville, for real party in interest.

Before HUDDLESTON, KNOPF and MILLER, JJ.

## OPINION AND ORDER GRANTING CR 76.36 RELIEF

The trial court ordered the plaintiff, Rachel Geary, to sign a blank medical authorization submitted by the defendants, Samuel Grant and Welding & Therapy Services, Inc. Geary petitions this Court for a writ of prohibition. Upon review of the petition, response, the trial court order as well as the Civil Rules of Procedure and case law, this Court grants the writ to prohibit the enforcement of the order which compels Geary to sign a medical authorization permitting the "unrestricted release" of all her medical information.

Geary filed a complaint against Samuel Grant and Welding & Therapy Services, Inc. Her complaint sought damages for injuries she suffered as a result of an automobile accident. Although parts of her past medical history are relevant, she contends that allowing a fishing expedition into her medical history will result in the release of embarrassing and completely irrelevant information. Thus, in order to protect her privacy interest, Geary maintains that Grant and Welding should obtain pertinent medical information by deposing the medical records custodian. A deposition will allow Geary's counsel to seek a protective order or an in camera review of private and confidential information that is irrelevant to her claim.

In their response, Grant and Welding contend that the trial court acted within its jurisdiction because the information they seek is material and relevant. They rely on *Christoff v. Downing*, Ky., 390 S.W.2d 153 (1965), which recognizes that a plaintiff's medical history is material to the defense of a personal injury action. Additionally, they argue that no reasonable means exist for them to obtain out-of-state medical records.

The extraordinary relief of a writ of prohibition is justified if the trial court is proceeding erroneously and irreparable injury will result for which there is no adequate remedy by appeal. *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

The Kentucky Rules of Civil Procedure provide the means by which parties can obtain information, including testimony and documents, of a nonparty witness. The Civil Rules provide a fair means of obtaining discovery by insuring that every method operates within the adversarial nature of our justice system. Every method of obtaining information within our Civil Rules provides that notice should be given to the other parties and that the other parties have the right to be present and protect their interests. Specifically, the Civil Rules provide that to obtain documents from a nonparty, one must serve a subpoena along with a notice to take a deposition under CR 30.01, 30.02, 45.01 and 45.02. The Court in *Munroe v. Kentucky Bar Association*, Ky., 927 S.W.2d 839 (1996), held that it was improper to use an ex parte subpoena to obtain information. The subpoena must be used in conjunction with a notice to take a deposition or hearing. CR 45.01 states that a subpoena shall only be used for a deposition, hearing

or trial. The requirement of a deposition or hearing invokes the necessary notice to opposing counsel and the right to be present to protect his or her interests.

■ In this case, an executed medical authorization would act like an ex parte subpoena. It would allow Grant and Welding to obtain medical information without any notice to Geary and without any means for Geary to protect her legitimate privacy interests. To compel execution of this medical authorization would allow Grant and Welding to circumvent the Rules of Civil Procedure and permit discovery without any adversarial safeguards.

In *Christoff v. Downing, supra,* the Court authorized the taking of depositions in order to obtain the medical records of the Veterans Administration. The execution of a medical authorization had to be accomplished in order to satisfy a requirement of the Veterans Administration to allow a deposition. However, the medical authorization in *Christoff* was limited to "permitting and consenting to taking the deposition of a representative of the Veterans Administration." *Id.* at 153. The Court in *Christoff* did not compel an authorization that would allow the defendant the right to an unsupervised and unfettered examination of the plaintiff's private and confidential medical information.

As the Court in *Hammonds v. Aetna Casualty & Surety Company,* 243 F.Supp. 793, 801 (N.D.Ohio 1965) explained:

> Since the layman is unfamiliar with the road to recovery, he cannot sift the circumstances of his life and habits to determine what is information pertinent to his health. As a consequence, he must disclose all information in his consultation with his doctor—even that which is embarrassing, disgraceful, or incriminating. To promote full disclosure, the medical profession extends the promise of secrecy....

The Court in *Humana, Inc. v. Fairchild,* Ky.App., 603 S.W.2d 918 (1980), recognized that there must be restrictions in discovery proceedings to protect individuals from an invasion of private information which is also irrelevant to the claim. These restrictions and protections cannot be obtained unless discovery is adversarial with notice and a right to be present.

Unless the parties otherwise agree, our Civil Rules provide the means by which Grant and Welding can obtain Geary's medical information. The Civil Rules provide for depositions for all nonparty witnesses such as medical record custodians, doctors, nurses, and other care givers. The Civil Rules also provide for depositions to be taken out of state. CR 28.02. In cases where witnesses do not reside in Kentucky, subpoenas are issued via letters rogatory in order to take the depositions of those witnesses. *See generally, A Practical Guide To Interstate Deposition Subpoenas,* Ky. Bench & Bar 8, Vol. 58, No. 2, (Spring 1994). It is not an undue hardship but merely the means of taking discovery that is fundamentally fair to both sides.

■ We believe that the Civil Rules allow for the discovery of Geary's medical information by the issuance of subpoenas and taking depositions. Unlike subpoenas and depositions, compelling execution of the medical authorization does not maintain Geary's right of notice and right to be present. Thus, the trial court acted erroneously and irreparable injury will result for which there is no adequate remedy by appeal.

As the Court in *Bender v. Eaton, supra,* explained:

> Once the information is furnished it cannot be recalled.... The injury suffered by petitioners, assuming their adversaries have no right to this disclosure under the Civil Rules, will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy.

*Bender v. Eaton* at 802.

For these reasons, the Court ORDERS the petition for a writ of prohibition be GRANTED. Thus, the respondent trial

court is hereby PROHIBITED from enforcing the order entered August 5, 1998, compelling Geary to sign the medical authorization.

All concur.

ENTERED: November 6, 1998.

/s/ *Wm. L. Knopf*
JUDGE, COURT OF APPEALS