**Tod D. MEGIBOW, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2005–SC–000517–KB.**

Supreme Court of Kentucky.

Oct. 20, 2005.

Tod D. Megibow, Megibow & Edwards, PSC, Paducah, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Tod D. Megibow moves this court to sanction him with a public reprimand for violating SCR 3.130–3.4(c) and SCR 3.130–4.1. The Kentucky Bar Association (KBA) agrees with the proposed sanction and requests that we grant Megibow's motion.

Movant's bar roster address is Megibow & Edwards, PSC, P.O. Box 1676, Paducah, Kentucky 42002–1676 and his KBA member number is 47055. He was admitted to practice law on June 4, 1979.

In 2003, Curtis and Kathy Bailey engaged Movant to represent Mr. Bailey in his post-dissolution of marriage action involving child support and maintenance arrearage. In the course of the representation, Movant served subpoenas duces tecum on the records custodians of two credit institutions, directing them to produce a complete payment history for Mr. Bailey from 1999 forward. However, Movant failed to serve copies of the subpoenas on Bailey's former wife, Paula Sue Bailey or the Marshall County Attorney Child Support Office, a party to the action. He sought compliance with the subpoenas by a date certain. However, the subpoenas did not state a hearing date, nor were they issued in connection with a notice of deposition or court proceeding.

The use of subpoenas to obtain documentary evidence or tangible things without an accompanying notice of deposition or notice of hearing or trial has been a recurring problem.[1] Evidently some practitioners are unaware that CR 45.01 prohibits such use of subpoenas. As stated in the rule, "Subpoenas shall not be used for any purpose except to command the attendance of the witness and production of documentary or other tangible evidence at a deposition, hearing or trial." It is improper to use subpoenas in a manner contrary to the rule. We addressed a parallel

---

1. *Munroe v. KBA,* 927 S.W.2d 839 (Ky.1996).

issue in *Stengel v. KBA*[2] with respect to the use of Grand Jury subpoenas to obtain documents from out-of-state firms. We amended RCr 5.06 to permit the use of such subpoenas provided the instrument was not misleading. *Stengel* does not modify or undermine CR 45.01.

In this case, the records sought were Bailey's records and Movant was his lawyer. It is perplexing why Movant did not simply obtain Bailey's authorization to obtain the records from the credit institutions rather than use a subpoena. In any event, Movant's use of a subpoena in a manner contrary to CR 45.01 was wrong.

Movant admits that his actions violated SCR 3.130–3.4(c) which prohibits a lawyer from "knowingly or intentionally disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assumption that no valid obligation exists." Movant concedes that his actions also violated SCR 3.130–4.1 which provides that "in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person."

We accept the disciplinary measures requested by Movant and agreed upon by the KBA.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Movant, Tod D. Megibow, shall be and is hereby Publicly Reprimanded.

(2) Movant, Tod D. Megibow, shall complete, at his expense, three hours of remedial ethics education, separate and apart from any other continuing legal education (CLE) within one year of the date of this Order. The remedial ethics education must be satisfied by Movant's personal attendance at live legal education programs which must be approved in advance by the Kentucky Bar Association Office of Bar Counsel. Movant shall not apply for or obtain CLE credit for his attendance at these programs and is ordered to provide the CLE Commission with a release to allow the Office of Bar Counsel to review his confidential CLE records and verify his compliance.

(3) In accordance with SCR 3.450, Movant, Tod D. Megibow, is directed to pay all costs associated with these disciplinary proceedings in the amount of $8.38 for which execution may issue from this court upon finality of this order.

All concur.