**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Marc Ashley BRYANT, Respondent.**

No. 2010–SC–000258–KB.

Supreme Court of Kentucky.

Aug. 26, 2010.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Marc Ashley Bryant, who was admitted to the practice of law in 2004 and whose bar roster address is 521 High-

land Avenue, Suite B, P.O. Box 277, Carrollton, KY 41008,[1] be suspended from the practice of law for sixty days. We adopt the Board's recommendation.

■ Bryant represented Ronald Kornewald in three separate actions—a worker's compensation claim, a Social Security disability appeal, and a personal injury action. Only the worker's compensation claim was satisfactorily resolved. Kornewald alleged, and the Board ultimately found, that Bryant (1) failed to contact Kornewald or keep him advised of deadlines or court events; (2) failed to return paperwork to Kornewald; (3) failed to file paperwork timely in the Social Security disability appeal, which led to that appeal's dismissal; and (4) failed to respond to discovery in the personal injury case, which caused the circuit court to dismiss that case with prejudice.

The Inquiry Commission issued a four-count charge against Bryant. Count I charged Bryant with violating Rules of the Supreme Court (SCR) 3.130(1.3), which requires a lawyer to "act with reasonable diligence and promptness in representing a client." Count II charged Bryant with violating SCR 3.130(1.4)(a), which generally requires a lawyer to keep his or her client reasonably informed about the status of pertinent matters. Count III charged Bryant with violating SCR 3.130(1.16)(d), which generally requires a lawyer to return client file materials, by failing to return to Kornewald materials when Bryant's representation of Kornewald in the Social Security disability case was terminated. Count IV charged Bryant with violating SCR 3.130(8.1)(b) by failing to respond to the bar complaint.

---

1. Although the Carrollton address appears in the Board's findings of facts, conclusions of law, and recommendations, we note that the KBA's website lists Bryant's address as 511 Lauren Avenue, Smiths Grove, KY 42171.

Bryant did not answer the charges, and the case was submitted to the Board as a default case. The Board unanimously found Bryant guilty on all four counts. After reviewing Bryant's substantial disciplinary history consisting of two private admonitions in 2009 and a 2008 suspension for nonpayment of bar dues,[2] the Board voted unanimously to recommend that Bryant be suspended for sixty days and be required to complete the remedial Ethics and Professionalism Enhancement Program (EPEP) offered by the KBA.

Bryant has not filed a notice of review under SCR 3.370(8), nor do we independently elect to review the decision of the Board under SCR 3.370(9). So the decision of the Board is hereby adopted pursuant to SCR 3.370(10).

◼ Accordingly, the Court ORDERS:

1) Marc Ashley Bryant's motion for enlargement of time to file a response is denied;

2) Bryant is guilty of the four charges detailed earlier in this Opinion and Order for which he is suspended from the practice of law for sixty days from the date of this Opinion and Order;

3) In accordance with SCR 3.450, Bryant is directed to pay all costs associated with these disciplinary proceedings, $253.01, for which execution may issue from this Court upon finality of this Opinion and Order; and

4) Bryant, at his own expense, must attend the next scheduled Ethics and Professionalism Enhancement Program and pass any test given at the end of the program. Bryant must not apply for CLE credit of any kind for attendance at the EPEP and must furnish a release and waiver to the

Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify that Bryant has not reported any hours to the CLE Commission based on his EPEP attendance.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ <u>John D. Minton, Jr.</u>
　　Chief Justice

◼

---

2. The Board's findings do not indicate whether Bryant's 2008 suspension for nonpayment of dues is ongoing, but the KBA's website lists Bryant as still being under suspension for nonpayment of dues.