**Marc Ashley BRYANT, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000023–KB.**

Supreme Court of Kentucky.

March 22, 2012.

## OPINION AND ORDER

Movant Marc Ashley Bryant, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceedings against him (KBA File Nos. 17727, 17978, and 18086) by imposing a 45–day suspension. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

### I. Background

Movant was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2004; his KBA member number is 90100. Movant's bar roster address is 511 Laurel Ave., Smith's Grove, Kentucky 42171.

### A. KBA File No. 17727.

The Movant represented Marion Newton in a workers' compensation matter until November 28, when Mr. Newton terminated the representation. The Movant mailed a copy of Mr. Newton's file to him within a few days of termination of the representation. On December 10, 2008, the Movant was suspended from the practice of law for failure to pay bar dues. Mr. Newton's subsequent counsel was unable to reach him about obtaining a copy of the file. Mr. Newton filed a bar complaint, alleging that the Movant had failed to take certain actions in the workers' compensation matter and had failed to keep him informed.

Service of the complaint on the Movant proved difficult, with the original letter being returned. Included with the complaint was a letter from bar counsel requesting additional information. The Movant did not respond to the letter or complaint. Eventually, the Inquiry Commission issued a charge based on the complaint. The charge was later amended,

presumably in response to new evidence suggesting that the Movant had already been fired by Mr. Newton at the time of the alleged conduct. The amended charge included an allegation that the Movant violated SCR 3.130–8.1(b)[1] by failing to respond to the bar complaint and letter from bar counsel requesting additional information, and SCR 3.175(1)(a) by failing to maintain a current bar roster address. The Movant admits his conduct violated these rules.

### B. KBA File No. 17978.

In 2008, the Movant represented Mark Lyons in a civil action that was removed to federal court. When the Movant was suspended in December 2008 for failure to pay bar dues, he did not inform Mr. Lyons or the federal court of the suspension, nor did he return Mr. Lyons's client file. Mr. Lyons discovered the Movant's suspension on his own in 2009 and filed a bar complaint. Service of this complaint also proved difficult and was eventually accomplished by personal service.

Eventually, the Movant was charged with violating SCR 3.130–1.4 for failing to keep his client reasonably informed about the status of a matter; SCR 3.130–1.16(d) for failing to provide the client's file at termination of the representation; SCR 3.130–3.4(c) for failing to notify his client and the federal court of his suspension; SCR 3.130–8.1(b) for failing to respond to the bar complaint; and SCR 3.175(1)(a) for failing to maintain a current bar roster address. The Movant admits his conduct violated these rules.

### C. KBA File No. 18086.

The Movant represented Karla Maiden in a sexual harassment matter. She requested certain filings based on her belief that her employer had failed to abide by an earlier court ruling in the case, but the Movant advised against further action. When the Movant was later suspended and Ms. Maiden learned of the suspension, she tried to obtain her file but was unsuccessful. She filed a bar complaint. Service of this complaint also proved difficult and was eventually accomplished by personal service.

Eventually, the Movant was charged with violating SCR 3.130–1.16(d) for failing to provide the client's file at termination of the representation and SCR 3.130–8.1(b) for failing to respond to the bar complaint. The Movant admits his conduct violated these rules.

## II. Discussion

The Movant now asks this Court to enter an order in conformity with his negotiations with the KBA Office of Bar Counsel, which has no objection and asks that the motion be granted. According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by the Movant. The KBA notes that the Movant was suspended from the practice of law for 60 days in 2010, *see Kentucky Bar Ass'n v. Bryant,* 318 S.W.3d 96, 97 (Ky.2010), which resulted in the KBA objecting to the Movant's automatic reinstatement to the practice of law following his suspension for failure to pay bar dues. The KBA also cites several cases involving admitted misconduct after a period of suspension, presumably to justify a 45–day suspension sought by the Movant. *See, e.g., Emerson v. Kentucky Bar Ass'n,* 318 S.W.3d 589 (Ky.2010) (30–day suspension); *Morton v. Kentucky Bar Ass'n,* 230 S.W.3d 328, 330 (Ky.2007) (same); *Munroe v. Kentucky Bar Ass'n,* 927 S.W.2d 839, 841 (Ky.1996) (three-month suspension).

---

1. References to the substantive Rules of Professional Conduct are to the rules in effect before the substantial revisions in 2009.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, and Movant's disciplinary record (which includes two private admonitions in 2009 and the suspensions described above), this Court concludes that the discipline proposed by Movant is adequate.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant Marc Ashley Bryant is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is suspended from the practice of law for 45 days from the date of entry of this order.

3. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $970.28, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 22, 2012.

/s/ John D. Minton, Jr.
   Chief Justice