RENDERED:  JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1260-MR

JASON CARMON                                                          APPELLANT

v.                    APPEAL FROM GRAVES CIRCUIT COURT
                      HONORABLE KEVIN D. BISHOP, JUDGE
                      ACTION NO. 22-CI-00074

DOLLAR GENERAL PARTNERS                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND EASTON, JUDGES.

CALDWELL, JUDGE:  Jason Carmon ("Carmon") appeals from the Graves

Circuit Court's orders denying Carmon's motions for a protective order and for a

continuance and its order granting Dollar General Partners' motion for summary

judgment and dismissal of Carmon's complaint.  We affirm.

## FACTS

In March 2022, Carmon, by counsel, filed suit against Dollar General Partners ("Dollar General"). He alleged that, in late March 2021, he went to shop at a Dollar General Store in Mayfield, where he was followed around by store personnel. He also alleged that store personnel called the police to report a suspicious Black man who had bought more merchandise than he could carry out of the store.

Carmon alleged he was put under surveillance while being followed around the store. He further alleged that he did not unlawfully take any store merchandise and that Dollar General lacked probable cause to believe he had taken any store merchandise when he was, in his view, falsely imprisoned.[1]

Carmon also alleged that he was subjected to extreme and outrageous conduct which purposefully or recklessly caused him severe emotional and mental distress. He also alleged he would suffer future mental or emotional distress and incur future medical expenses due to the incident at the Mayfield store. He asserted that he had suffered damages exceeding the minimum jurisdictional amount and that he was entitled to punitive damages.

---

[1] Carmon's complaint did not specifically allege that he was not allowed to leave the store or that he was confined, restrained, or arrested.

Dollar General filed an answer to the complaint, denying liability and most of the allegations in the complaint.[2] It also served interrogatories and requests for production of documents on Carmon through counsel.

In October 2022, Carmon's attorney filed a motion to withdraw. Upon Carmon's request, the trial court continued the hearing on his counsel's motion to withdraw until February 2023. A few days before the scheduled February 2023 hearing, Carmon filed a motion to further continue the hearing until June 2023. In late February 2023, the trial court entered an order granting counsel's motion to withdraw and giving Carmon 20 days to obtain new counsel. However, Carmon never obtained new counsel and has represented himself *pro se* since his attorney's withdrawal.

Shortly after the trial court allowed Carmon's attorney to withdraw and gave Carmon 20 days to obtain new counsel, Carmon filed a motion for leave to amend his complaint. Dollar General filed a response in opposition. The trial court denied Carmon's motion for leave to amend his complaint in March 2023.

Shortly thereafter, Carmon filed responses and objections to Dollar General's discovery requests. He objected to requests for documents relating to

_____

[2] Dollar General admitted to operating a store in Mayfield and to Carmon's entering the store on the date alleged in the complaint, for example. But Dollar General denied other allegations in the complaint, and it raised affirmative defenses including failure to state a claim on which relief can be granted in its answer.

psychotherapy and to medical care. He claimed such records were protected under the Health Insurance Portability and Accountability Act (HIPAA) and/or privileged under KRE[3] 507.

Next, Carmon filed a second motion for leave to amend his complaint. He also filed a motion for a protective order blocking production of documents about his medical and mental health treatment, based on KRE 507 and HIPAA. A hearing on these matters was scheduled for June 30, 2023.

Several days before the scheduled June 2023 hearing, Carmon filed into the record a letter stating he was admitted to a hospital in late May 2023 and was still a patient as of June 22, 2023.

On June 30, 2023, the trial court entered a written order stating that it conducted the scheduled hearing that same day on the motion for leave to amend the complaint. The trial court noted the letter about Carmon's having been hospitalized from late May through June 22, 2023. The trial court further stated it did not receive any current information showing Carmon was still hospitalized on June 30 and that Carmon had not filed a properly supported motion to continue the June 30 hearing. The trial court denied Carmon's second motion for leave to file an amended complaint saying it did so because Dollar General objected to the

---

[3] Kentucky Rules of Evidence.

-4-

motion and because Carmon failed to appear at the hearing to argue why he should be allowed to amend his complaint.

The trial court entered a separate order denying the motion for a protective order on June 30, 2023. The order stated Carmon put his physical and mental health at issue by seeking damages for physical and mental suffering. It ordered Carmon to submit releases[4] for physical and mental health treatment records.

In late August 2023, Dollar General filed a motion for summary judgment in its favor, seeking dismissal of the complaint. It asserted Carmon had filed motions for protective orders rather than executing medical releases so that Dollar General could inquire into his claimed damages. Dollar General also pointed out that Carmon's lawsuit had been pending for about a year and a half and argued Carmon had come forward with no evidence to support his claims. Dollar General asserted Carmon failed to submit any affidavits and that Carmon had served no discovery requests. Dollar General contended Carmon had simply resisted its discovery requests while failing to prosecute his case and argued simply filing a complaint was insufficient to warrant continuing litigation.

---

[4] With some exceptions, plaintiffs may not be required to sign medical records releases because discovery of such records is otherwise available (now permissible through subpoenas without the need for depositions). *Geary v. Schroering*, 979 S.W.2d 134 (Ky. App. 1998). Carmon sought discovery protection because he did not want his records produced. He did not specify an objection to the means to be used to procure them.

Carmon again filed a motion seeking a protective order. He also filed a motion to continue a hearing set for early September 2023 until late May 2024, asserting that he was continuing to recuperate after being hospitalized in May 2023. Carmon also filed a response to Dollar General's summary judgment motion[5] and also a signed letter stating Carmon should receive a medical leave or a break due to his having undergone multiple life-saving surgeries and be excused from the case until the end of May 2024. The signer of the letter was not clearly identified. (Carmon's appellant brief refers to the letter's signer as "Dr. Tinsley.")

In late September 2023, the trial court entered an order denying the motion for a protective order and granting Dollar General's motion for summary judgment. It acknowledged receiving what appeared to be a letter from a medical provider stating Carmon could not participate in court proceedings until May 2024 due to his medical condition.

The trial court found the parties had ample time to take discovery, but that Carmon failed to do so, instead devoting his time to resisting Dollar General's requests for medical records which might support Carmon's claims. The trial court

---

[5] Dollar General's brief states that Carmon did not file a response to its summary judgment motion. Similarly, the trial court's order ruling on the summary judgment motion states Carmon did not respond to the summary judgment motion despite filing other motions. However, the record on appeal contains a response to the summary judgment motion filed by Carmon in early September 2023.

noted Dollar General filed an answer denying liability and concluded that Carmon could not defeat this denial simply by referring to the allegations in his complaint.

The trial court also stated that the medical letter did not change its conclusion. The trial court found the signature illegible but elected not to resolve any dispute as to the letter's authenticity. Instead, the trial court concluded that Carmon had failed to offer any evidence to contradict Dollar General's denial, so it granted the motion for summary judgment.

Carmon filed a motion for reconsideration and/or to alter, amend, or vacate. The trial court entered an order denying this motion. Carmon then filed this appeal. His brief lists the issues on appeal as including whether the trial court erred in 1) denying his requests for a protective order, 2) denying his request for a continuance, and 3) granting summary judgment in Dollar General's favor.

**We Review the Issues Raised on Appeal Solely for Palpable Error Resulting in Manifest Injustice Due to Lack of Proper Preservation Statements with Specific Citations to the Record**

Carmon's appellant brief does not contain statements identifying if or how appellate issues were preserved for review by raising such issues to the trial court. The brief further fails to refer to any specific pages of the written trial court record or to any specific date and time references to recordings of hearings. *See* RAP[6] 32(A)(3)-(4).

---

[6] Kentucky Rules of Appellate Procedure.

"If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved" and review the issue solely for palpable error resulting in manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). *See also* CR[7] 61.02. This is true even if the appellant is not represented by an attorney and proceeds *pro se*. *See Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (*pro se* litigants are not exempt from applicable rules of appellate procedure or from consequences for failing to comply with such rules).[8]

## No Palpable Error in Denial of Protective Order

Although he briefly refers to HIPAA in his listing of appellate issues, Carmon does not cite to any legal authority about protective orders in the argument portion of his brief. Furthermore, he does not even substantively argue why the trial court erred in denying him a protective order in his brief. [9]

---

[7] Kentucky Rules of Civil Procedure.

[8] *Ford* and *Koester* were rendered prior to the adoption of Kentucky's Rules of Appellate Procedure on January 1, 2023. However, they applied substantially similar appellate briefing rules then contained in the Kentucky Rules of Civil Procedure and their reasoning remains sound.

[9] Given his lack of substantive legal argument or citations to legal authority, we are not obligated to discuss the protective order issue at all. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) (appellate courts are not responsible for making parties' arguments and parties may waive issues by failure to cite any supporting legal authority). In any event, we discern no palpable error in the trial court's denial of a protective order under the facts here.

At most, Carmon suggests that the medical records he sought to block Dollar General from obtaining were irrelevant to resolving his lawsuit as he states in his brief: "he [Carmon] was trying to get protective order against irrelevant discovery process by the defendant which was compelling him to disclose his medical information."

But despite any argument that the medical records Dollar General sought were irrelevant, we discern no palpable error resulting in manifest injustice here. Kentucky precedent makes clear that medical records are anything but irrelevant in resolving claims of intentional infliction of emotional distress. One cannot prevail on a claim of intentional infliction of emotional distress without presenting medical or expert scientific proof. *See, e.g.*, *Littrell v. Bosse*, 581 S.W.3d 584, 588 (Ky. App. 2019). Thus, medical records are relevant to proving claims of intentional infliction of emotional distress. *See* KRE 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

In short, there was no palpable error in the trial court's denial of Carmon's motion for a protective order. Next, we address the continuance issue.

## No Palpable Error in Denial of Continuance

Carmon argues the trial court erred in not granting him a continuance "on the ground he was hospitalized and cannot attend the hearing." He cites CR 6.02 and states the trial court had discretion to grant him additional time if good cause was shown. Carmon contends he requested a continuance and showed good cause. In his brief he argues the trial court did not use its discretion wisely and "thus erred in the order granting summary judgment."

But especially given the trial court's granting of a prior continuance,[10] and Carmon's failure to cite to any evidence that he remained hospitalized during the hearings on summary judgment and protective order motions, the trial court's denial of a continuance was not a palpable error resulting in manifest injustice. Next, we address whether the trial court's ultimately dismissing Carmon's lawsuit amounted to palpable error resulting in manifest injustice.

## No Palpable Error in Trial Court's Dismissing Carmon's Lawsuit

Carmon correctly points out that the trial court's order granting summary judgment fails to explicitly conclude there were no genuine issues of material fact. *See* CR 56.03. Nonetheless, we conclude that the trial court's order

---

[10] Among other factors, a trial court can appropriately consider "previous continuances" in ruling on motions for continuance. *Guffey v. Guffey*, 323 S.W.3d 369, 371-72 (Ky. App. 2010).

granting Dollar General summary judgment and dismissing Carmon's lawsuit does not amount to palpable error resulting in manifest injustice.

The trial court found that Carmon had failed to come forward with any evidence to counter Dollar General's denials. Carmon does not cite to the record to show where he came forward with any evidence.

Furthermore, the ultimate dismissal of Carmon's lawsuit was also supported by the trial court's findings that Carmon had failed to prosecute his case. *See* CR 41.02(1) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him."). Although Dollar General referred to its request for dismissal of Carmon's complaint as a summary judgment motion, and it did not explicitly refer to CR 41.02(1), it argued orally and in writing that Carmon had failed to prosecute its case. *Cf. Ward v. Houseman*, 809 S.W.2d 717, 718-20 (Ky. App. 1991) (reversing a "summary judgment" which was essentially a CR 41.02(1) dismissal for failure to comply with court orders setting deadlines for identifying witnesses – partly because the moving party did not even seek summary judgment or dismissal but just to exclude a witness's testimony).

The trial court, in its order here, ultimately opted to dismiss Carmon's lawsuit, making written findings that Carmon failed to actively prosecute his case

and even fought discovery of medical records which might have supported his claims:

> Plaintiff [Carmon] has had ample opportunity to conduct discovery, but he has taken none. Instead, he has fought Dollar General's efforts at obtaining medical records that, in theory, could support Plaintiffs [sic] claims. As such, the matter is ripe for dismissal on summary judgment.
>
> . . .
>
> Plaintiff has had plenty of time to litigate his case. He has managed during his purported medical situation, to write another Motion for Protective Order and a Motion for Continuance. The Court concludes that PlaintifT [sic] could have participated in discovery in his case, including drafting discovery requests to Dollar General, but he has not done so.

In essence, the trial court concluded it was appropriate to dismiss Carmon's lawsuit at least in part based on lack of prosecution, as defined in the context of CR 41.02(1) – despite its lack of explicit reference to CR 41.02(1). *See Jaroszewski v. Flege*, 297 S.W.3d 24, 31-32 (Ky. 2009) (defining lack of prosecution for purposes of CR 41.02(1) as entailing lack of effort to actively pursue resolution of a case, including lack of cooperation with the other side's attempts to obtain discovery). *See also Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (Kentucky law requires that appellate courts can and must affirm trial court judgments on alternate grounds

supported by the record even if such alternate grounds are not argued by the appellee on appeal).

Although dismissing a case for lack of prosecution is an extreme remedy,[11] the trial court's doing so here did not amount to palpable error resulting in manifest injustice based on our review of the record and the law.

Further arguments in the parties' briefs have been determined to lack merit or relevancy to our resolution of this appeal.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.


ALL CONCUR.


BRIEF FOR APPELLANT:

Jason Carmon, *pro se*
Mayfield, Kentucky

BRIEF FOR APPELLEE:

D. Wes Sullenger
Paducah, Kentucky

---

[11] *See, e.g.*, *Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022).